## HERRING et al. v. McNEIL MACHINERY CO.

No. 13717—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 30, 1924.

**1. Principal and Agent—Sales by Agent—Ratification.**

Where a party appoints an agent to sell certain property and gives him instructions in regard to the price and terms of the sale of each article, and the agent sells the property and uses the money, as directed by such party, in the payment of notes to the bank and other indebtedness and pays some two or three thousand dollars to the plaintiff's themselves, and the party appointing the agent accepts the payment of the notes to the bank and the money paid to it, he becomes bound by the acts of his agent, notwithstanding the fact that the agent may have departed from his instructions in some matters in making such sale, and he cannot afterwards complain that the property was wrongfully sold because the agent did not follow instructions.

**2. Appeal and Error—Sufficiency of Evidence—Verdict—Conclusiveness.**

It is the rule in this jurisdiction that where a case is submitted to a jury under instructions fairly stating the law of the case, and the jury returns a verdict, then such verdict will not be disturbed if there is evidence reasonably tending to support the verdict of the jury.

**3. Same—Judgment Sustained.**

In this case, record examined, and held, that the case was fairly submitted to the jury by proper instructions, and that the evidence in the case reasonably tends to support the verdict of the jury, and that such verdict will not be disturbed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Thomas W. Champion, Assigned Judge.

Action by F. E. Herring and R. H. Drennan against McNeil Machinery Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Pearson & Baird, for plaintiffs in error.

Frank Nesbitt, for defendant in error.

Opinion by MAXEY, C. The parties appear in this court as they did in the court below, and will be referred to as plaintiffs and defendant, respectively. This suit was begun by plaintiffs by filing a petition in the court below, where the plaintiffs charge O. D. Halsell, H. H. Halsell, the Picher Big Chief Mining Company, and the McNeil Ma-

chinery Company with entering into a secret agreement in the nature of a conspiracy to cheat and defraud plaintiffs out of certain machinery and monies which had come into the hands of the defendant, and asking judgment against them for the sum of $3,214.16. To this petition, the defendants O. D. Halsell, H. H. Halsell, the Picher Big Chief Mining Company file motions to quash the service. The McNeil Machinery Company first filed a demurrer to the petition, but afterwards filed an answer in which answer it set up in detail its connection with the various transactions complained of in plaintiffs' petition, and denied any secret agreement or conspiracy with other defendants, but alleged that its dealing with each of the defendants was open and above board, and that the plaintiffs had knowledge at all times as to just what the defendant McNeil Machinery Company had with the other defendants and agents of the plaintiffs. After the McNeil Machinery Company filed its answer the plaintiffs dismissed said action with prejudice as to O. D. Halsell, H. H. Halsell, and the Picher Big Chief Mining Company, being all of the defendants except the defendant McNeil Machinery Company, and without amending their petition proceeded to trial; and after counsel for plaintiffs had made his opening statement, counsel for defendant, McNeil Machinery Company, moved for judgment upon the opening statement of counsel for plaintiffs, for the reason that said action had been dismissed as to all the defendants except the McNeil Machinery Company, and that this action cannot be maintained against the McNeil Machinery Company for the reason that said action having been dismissed as to the primary joint tort feasor cannot be maintained as against the secondary joint tort-feasor, and for the further reason that neither the pleadings nor the opening statement show the necessary element of fraud or conspiracy on the part of the defendant, McNeil Machinery Company. This motion was overruled by the court, and the defendant excepted. Upon the first witness, F. E. Herring, being called and placed on the witness stand, counsel for the defendant objected to the introduction of any testimony for the reason that the pleadings failed to state a cause of action against the defendant, McNeil Machinery Company, and for the reason that none of the pleadings show the necessary allegations of fraud and conspiracy. This motion was overruled by the court, and the defendant excepted.

The plaintiffs then introduced F. E. Herring as a witness who testified at length as to the various transactions, and his testimony shows that he went to Quapaw, where the business of the companies was located, and interviewed the Picher Big Chief Mining Company, O. D. Halsell, and H. H. Halsell, who were original defendants, and also the McNeil Machinery Company. Mr. Herring afterwards said that when he visited the McNeil Machinery Company they went over the books and lists of the property, and McNeil furnished him a list of the property he had received and what he paid for same, and some questions came up about there being some property missing that Halsell claimed was sold to McNeil Machinery Company, and that Mr. McNeil told him that if he had received anything that he had not paid for he would pay for it. In fact, McNeil did not try to conceal anything. Mr. Herring left and sometime afterwards he wrote a letter to Mr. McNeil calling attention to certain items that Halsell claimed had been sold to McNeil Machinery Company. These items amounted to a little over $100 and some of them were paid for, but whether they were all paid for is not clear from the testimony. Mr. McNeil also testified, and it appeared from the testimony that O. D. Halsell was the agent of the plaintiffs, and that his brother, H. H. Halsell, was acting as agent in disposing of the machinery. It appears that McNeil Machinery Company bought most of it and gave the Picher Big Chief Mining Company credit for the price of said machinery, and that the Picher Big Chief Mining Company in turn paid off notes of the plaintiffs to the bank of Quapaw amounting to nine or ten thousand dollars, and also paid to the plaintiffs some two or three thousand dollars. This was all accepted by the plaintiffs without question, and only such items as were undisposed of, or, as plaintiffs claim, sold to the McNeil Machinery Company, form the bases of this suit. There is nothing in the record to show that McNeil Machinery Company knew anything about the instructions plaintiffs gave Halsell in regard to selling the property in controversy. The case was tried to the court and a jury, and a verdict rendered for the defendant, and after unsuccessful motion for a new trial, the case is brought here for review.

We are of the opinion that the judgment of the trial court should be affirmed, for the reason that plaintiffs' conduct after the property in question had been sold to the defendant, McNeil Machinery Company, in going on the ground and in investigating the sale of the property, and going to the McNeil Machinery Company, who explained to them what property it had bought and what it had paid for same and what was

done with the money, showing that it had been used in the payment of about $10,000 of notes that plaintiffs owed to the Quapaw bank, and that two or three thousand dollars of the money was paid to the plaintiffs, and plaintiffs taking up certain items claiming that there was about $100 due them for items they claimed McNeil Machinery Company had bought and not paid for. These matters all seem to have been adjusted satisfactorily. It is true that plaintiffs claim that Halsell, their agent, exceeded his authority in some respects in the sale of the property to the McNeil Machinery Company, but we think that the plaintiffs' action, after they had learned of all the facts, in accepting the money from McNeil ratified any violation of the plaintiffs' instruction to their agent, and they should now be estopped from questioning what their agent did after they had accepted the benefit of it.

Another reason why the judgment of the trial court should have been affirmed is that the case was submitted to the jury under instructions as fair to plaintiffs as they could ask, and the jury found for the defendant; and after a full review of the testimony offered in the case, we are of the opinion that the verdict of the jury is amply supported by the testimony. There were some instructions requested by plaintiffs in error and refused by the court. We have examined these instructions and think they were properly refused, and there were some instructions given by the court that were objected to, but after reading the entire charge of the court and considering it all together, we think it fairly states the law governing the case, and that there is no reversible error in the charge of the court.

It is a rule in this jurisdiction too well established to require the citation of authorities that where a case is submitted to a jury under proper instruction by the court, and the verdict of the jury is sustained by the testimony, or where there is conflicting testimony which the jury must weigh and reconcile, this court will not reverse the case if the evidence reasonably tends to support the verdict of the jury. In this case, we think that the evidence amply supports the verdict of the jury, and that the judgment of the trial court is right and should be affirmed.

By the Court: It is so ordered.